HOLLIDAY, trustee, *v.* PERSONS, administratrix, *et al.*

RUSSELL, C. J. 1. Where one subscribes to the capital stock of a proposed corporation in anticipation of its formation, and in the contract of subscription the capital stock is fixed at a given amount divided into shares of a certain amount each, the whole of the capital stock must be subscribed before the subscriber becomes liable on his contract of subscription and before an action will lie to recover the amount of his subscription, unless there has been a waiver, either express or implied, of the condition precedent that the entire capital stock must be subscribed, or a stipulation in the contract of subscription that the entire capital stock need not be subscribed. *Memphis B. R. Co.* v. *Sullivan,* 57 *Ga.* 240; *Hendrix* v. *Academy of Music,* 73 *Ga.* 437.

2. A conditional subscription to the stock of a corporation is not binding until the condition has been performed; and in such an action as referred to in the first headnote, performance of the condition must be alleged.

3. Where the plaintiff relies upon a partial payment as raising a waiver of the condition precedent that the capital stock be fully subscribed, it must be alleged and proved when and under what circumstances the partial payment was made. In some instances a partial payment upon the stock of the corporation may amount to an estoppel to defend against the action upon the stock subscription; but *Chappell* v. *Lowe,* 145 *Ga.* 717 (89 S. E. 777), is distinguishable from the present case,

in that the subscription and payment in that case were made after the organization of the company, upon an application of the subscriber for shares of stock, whereas in the case at bar it does not appear that the payment was not made prior to the organization of the company with which the subscriber had only conditionally contracted, or that he made the payment with knowledge that the capital stock had not been fully subscribed.

4. Upon a review of the record it appears that the Court of Appeals did not err in affirming the judgment of the superior court.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs specially as to the ruling in the third headnote.

No. 3688.　SEPTEMBER 20, 1924.

Certiorari; from Court of Appeals. 29 *Ga. App.* 784.

*Jones, Park & Johnston, Harris, Harris & Witman,* and *Strozier & Deaver,* for plaintiff.

*Ryals & Anderson,* for defendants.